UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOVEREIGN BANK, <br>    PLAINTIFF <br><br> vs. <br><br> BOWDITCH BOAT HOLDINGS, LLC; <br> GOLDENEYE CORPORATION; <br> SALEM WHALE WATCH& <br> CRUISE CO. LLC; LAKE CHAMPLAIN <br> TRANSPORTATION CO.; <br> ROBERT E. BLAIR JR.; <br> ROBERT J. SALEM; <br> AND HENRY LORD <br><br>    DEFENDANTS | Civil Action No. 05-10668 NMG |

### ROBERT E. BLAIR JR.'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE F. R.CIV. P 12 (b) AND IN THE ALTERNATIVE, PURSANT TO F. R. CIV. P. 12 (e), FOR A MORE DEFINITE STATEMENT.

Now comes Robert E. Blair Jr., and by his attorney's moves to dismiss the Complaint pursuant to F. R. Civ. P. Rule 12(b) or request a more definite statement pursuant to F. R. Civ. P. Rule 12(e). As grounds for the motion defendant states the following:

1. **Venue of the Action was Improper In Suffolk Superior Court pursuant to M. R. Civ. P. 12(b) (3).**

    Venue of the case was improper in the Superior Court for Suffolk County Massachusetts. The case may only have been brought in the county in which defendants and plaintiff's assignor is located. (MGL, Ch. 223 (1)). The appropriate venue was Essex County Superior Court. Therefore the matter should be dismissed.

2. <u>Insufficiency of Process.</u>

   Defendant further moves that the matter be dismissed pursuant to F. R. Civ. P. 12 (b)(4). Defendant avers that he has not yet been served with a formal Summons and Complaint in this action and has not waived service of the same pursuant to M. R. Civ. P. Rule 4(d) (1) and Rule 4.1 (c).

3. <u>Insufficiency of Service of Process.</u>

   Defendant further moves that the matter be dismissed pursuant to F. R. Civ. P. 12 (b)(5). Service to defendant in the Superior Court did not comport with M. R. Civ. P. Rule 4(d) (1) and Rule 4.1 (c).

4. <u>Motion For a More Definite Statement.</u>

   Pursuant to F.R.Civ. P. 12(e) defendant moves for a more definite statement as to the allegations in the Complaint. The Complaint is vague or ambiguous in many respects and it would be unreasonable for defendant to frame a responsive pleading. One of the defects is the discrepancy between the date of the demand of 9 March 2005 (Complaint; Para. # 21) and the actual date of the "Demand" that was dated 10 March 2005 (Complaint; Exhibit D). Additionally, there is a further or ambiguity in the Complaint because the Verified Complaint states that defendant has failed and refused to respond to the "Demand" and continues to do so. (Complaint, Para. # 22). There is no allegation in the Verified Complaint that defendant received the "Demand" at a time and in a manner that would have allowed defendant a reasonable opportunity respond to plaintiff's "Demand" prior to the commencement of suit.

   This court must take into account the following facts and timing. The various demands to the debtor and guarantors were dated 10 March 2005. The verification of the Complaint by Mr. Bokelkamp was also dated 10 March 2005. Further, Bokelkamp signed an <u>Affidavit in Support of Plaintiff's Motion for Real Estate</u>

Attachments on 10 March 2005, the same date that the "Demand" <u>may</u> have been sent out.

Defendant moves that this Honorable Court order that plaintiff provide a more definite statement as to the allegations of the Complaint against defendant.

Undersigned counsel hereby certifies to the court that pursuant to Local Rule 7.1(A)(2) that I have consulted in good faith in regard to this motion to resolve the matter or narrow the issues involved with plaintiff's counsel of record.

                                      Robert E. Blair Jr.
                                      By His Attorneys,
                                      FLANAGAN & HUNTER, P.C.

                                      _____
                                      Brian P. Flanagan
                                      BBO# 547375
                                      88 Black Falcon Avenue, Suite 274
                                      Boston, MA 02210
                                      617-482-3366

Certificate of Service

I hereby certify that on this 20 day of April 2005, I served a copy of the foregoing document by mailing a copy thereof, postage prepaid, to:

Meegan B. Casey, Esq.,
Reimer & Braunstein LLP
Three Center Plaza
Boston, MA 02108

Brian P. Flanagan
Attorney-at-Law