MAS-20030912

gue:.

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

04/05/2005

02:59 PM

*'5 - 10668 - NMG*

FILED
OFFICE

*(illegible stamp)* P 1: 19

*(illegible stamp) COURT*

## SUCV2005-01021
## Sovereign Bank v Bowditch Boat Holding LLC et al

| | | | |
|---|---|---|---|
| File Date | 03/16/2005 | Status | Disposed: transferred to other court (dtrans) |
| Status Date | 04/05/2005 | Session | A - Civil A |
| Origin | 1 | Case Type | A03 - Commercial paper |
| Lead Case | | Track | F |

| | | | | | |
|---|---|---|---|---|---|
| Service | 06/14/2005 | Answer | 08/13/2005 | Rule12/19/20 | 08/13/2005 |
| Rule 15 | 08/13/2005 | Discovery | 01/10/2006 | Rule 56 | 02/09/2006 |
| Final PTC | 03/11/2006 | Disposition | 05/10/2006 | Jury Trial | No |

### PARTIES

**Plaintiff**
Sovereign Bank
Active 03/16/2005

**Private Counsel 648526**
Meegan B Casey
Riemer & Braunstein
3 Center Plaza
Boston, MA 02108
Phone: 617-523-9000
Fax: 617-880-3456
Active 03/16/2005 Notify

**Defendant**
Bowditch Boat Holding LLC
Served: 03/22/2005
Served (answr pending) 04/04/2005

**Private Counsel 547375**
Brian P Flanagan
Flanagan & Hunter
88 Black Falcon Avenue
Boston, MA 02210-2429
Phone: 617-482-3366
Fax: 617-482-3467
Active 04/05/2005 Notify

**Private Counsel 069830**
Michael J Calabro
Flanagan & Hunter
88 Black Falcon Avenue
Suite 274
Boston, MA 02210-2429
Phone: 617-482-3366
Fax: 617-482-3467
Active 04/05/2005 Notify

**Defendant**
Goldeneye Corporation
Served: 03/22/2005
Served (answr pending) 03/29/2005

MAS-20030912
guen

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

04/05/2005
02:59 PM

## SUCV2005-01021
## Sovereign Bank v Bowditch Boat Holding LLC et al

**Defendant**
Salem Whale Watch & Cruise Company LLC
Served: 03/23/2005
Served (answr pending) 04/04/2005

**Defendant**
Lake Champlain Transportation Company
Served: 03/19/2005
Served (answr pending) 03/28/2005

**Defendant**
Robert E  Blair Jr
Served: 03/18/2005
Served (answr pending) 03/29/2005

**Defendant**
Robert J  Salem
323 Concord St.
Gloucester, MA 01930
Served: 03/18/2005
Served (answr pending) 03/29/2005 Notify

**Defendant**
Henry  Lord
Service pending 03/16/2005

### ENTRIES

| Date | Paper | Text |
|------|-------|------|
| 03/16/2005 | 1.0 | Complaint |
| 03/16/2005 | | Origin 1, Type A03, Track F. |
| 03/16/2005 | 2.0 | Civil action cover sheet filed |
| 03/16/2005 | 3.0 | Plaintiff Sovereign Bank's MOTION for appointment of special process server Butler & Witten of Boston (Fahey,J) |
| 03/16/2005 | 4.0 | MOTION for Attachment of Real Estate |
| 03/16/2005 | 5.0 | MOTION for Attachment of Real Estate |

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2005-01021
## Sovereign Bank v Bowditch Boat Holding LLC et al

| Date | Paper | Text |
|------|-------|------|
| 03/16/2005 | 6.0 | MOTION for Attachment of Real Estate |
| 03/16/2005 | | Summons and order of notice issued; returnable Tues Mar 29, 2005 in Ctrm #4 re: Mos for attachment (Fahey,J) Summons & Order of notice issued (See P#1) |
| 03/24/2005 | 7.0 | Affidavit in support of plff's motion for real estate attachments |
| 03/28/2005 | 8.0 | SERVICE RETURNED: Lake Champlain Transportation Company(Defendant) (certified mail on 3/19/05) |
| 03/29/2005 | 8.1 | Summons and Order of Notice re: Goldeneye Corporation, (In hand to Robert E. Blair Jr), Robert E Blair Jr, (last & usual place of abode), and Robert J Salem (last & usual place of abode) |
| 03/30/2005 | 9.0 | Findings and Ex Parte Order for Approval of Attachment in the amount of $205,000.00 as to each of the deft's Robert J Salem, Robert E Blair & Henry Lord - This attachment is subject to being vacated on 48 hours notice (Elizabeth M. Fahey, Justice) (Entered 3/30/05) |
| 03/30/2005 | | MOTION (P#6) ALLOWED (Elizabeth M. Fahey, Justice) Notices mailed April 01, 2005 (entered 3/30/05) |
| 03/30/2005 | | MOTION (P#5) ALLOWED (Elizabeth M. Fahey, Justice) Notices mailed April 01, 2005 (entered 3/30/05) |
| 03/30/2005 | | MOTION (P#4) ALLOWED (Fahey, Justice) Notices mailed April 01, 2005 (entered 3/30/05) |
| 04/04/2005 | 10.0 | SERVICE RETURNED: Bowditch Boat Holding LLC(Defendant) (In hand to Robert E Blair) |
| 04/04/2005 | 11.0 | SERVICE RETURNED: Salem Whale Watch & Cruise Company LLC(Defendant) (last & usual place of abode) |
| 04/05/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. Bowditch Boat Holdings LLC U. S. Dist.#(05-10668NMG). |
| 04/05/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 03/29/2005 | Civil A | Motion/Hearing: R E attachmnt | Event held as scheduled |

I HEREBY ATTEST AND CERTIFY ON

APRIL 6, 2005     THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

**1**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT
                                                CIVIL ACTION NO.

SOVEREIGN BANK, SUCCESSOR BY
MERGER WITH FIRST ESSEX BANK,
F.S.B.,

                    Plaintiff,

v.

BOWDITCH BOAT HOLDING, LLC;                     **COMPLAINT**
GOLDENEYE CORPORATION; SALEM
WHALE WATCH & CRUISE
COMPANY, LLC; LAKE CHAMPLAIN
TRANSPORTATION COMPANY;
ROBERT E. BLAIR, JR.; ROBERT J.
SALEM AND HENRY LORD,

                    Defendants.

**INTRODUCTION**

The Plaintiff, Sovereign Bank, successor by merger with First Essex Bank, F.S.B. (the

"Bank"), brings this action to enforce the terms and conditions of a certain Commercial

Promissory Note dated June 14, 2000 in the original principal amount of $290,000.00 made by

Bowditch Boat Holdings LLC payable to the Bank, as modified. The Bank also seeks to enforce

the terms and conditions of various Commercial Guaranties executed by the remaining

defendants by which they absolutely and unconditionally guarantied the indebtedness of

Bowditch Boat Holdings LLC to the Bank.

**PARTIES**

1.      The Plaintiff, Sovereign Bank, successor by merger with First Essex Bank, F.S.B.

(the "Bank"), is a federal savings bank, duly organized and existing under the laws of the United

States of America, with a usual place of business at 75 State Street, Boston, Suffolk County,

Massachusetts.

2.      The Defendant, Bowditch Boat Holdings LLC (the "Borrower"), is a
Massachusetts limited liability company with a usual place of business at 4 Blaney Street, Salem,
Massachusetts.

3.      The Defendant, Robert E. Blair, Jr. ("Blair"), is an individual with a usual place
of residence at 39 Kittery Avenue, Rowley, Massachusetts.

4.      The Defendant, Robert J. Salem ("Salem"), is an individual with a usual place of
residence at 323 Concord Street, Gloucester, Massachusetts.

5.      The Defendant, Henry J. Lord ("Lord"), is an individual with a usual place of
residence at 6134 Barroll Road, Baltimore, Maryland.

6.      The Defendant, Goldeneye Corporation ("Goldeneye"), is a corporation organized
and existing under the laws of Maryland and authorized to do business in Massachusetts with a
usual place of business at 6225 Smith Avenue, Baltimore, Maryland.

7.      The Defendant, Salem Whale Watch and Cruise Company LLC ("Salem Whale
Watch"), is a Delaware limited liability company authorized to do business in Massachusetts
with a usual place of business at 4 Blaney Street, Suite 1, Salem, Massachusetts.

8.      The Defendant, Lake Champlain Transportation Company ("Lake Champlain"), is
a Vermont Corporation with a usual place of business at King Street Dock, Burlington, Vermont.

## COUNT I

### (v. Borrower to Enforce the Note)

9.      The Bank realleges and incorporates herein by reference the allegations contained
in paragraphs 1 through 8 above.

10.     On June 14, 2000, the Borrower executed and delivered to First Essex Bank,
F.S.B., a Commercial Promissory Note (the "Note") in the original principal amount of

2

$290,000.00. A true and accurate copy of the Note is attached hereto and incorporated herein by reference as **Exhibit A**.

11.    On November 30, 2000, April 14, 2002, June 3, 2003 and August 8, 2003, the Borrower and First Essex Bank, F.S.B. entered into certain Change in Terms Agreements modifying, *inter alia*, certain payment terms of the Note.

12.    Sovereign Bank holds the Note, as modified, as successor by merger with First Essex Bank, F.S.B.

13.    The Borrower defaulted under the terms and conditions of the Note, as modified, by, *inter alia*, failing to make payments as and when due.

14.    As a result of the defaults, on March 9, 2005, the Bank made demand on the Borrower for all amounts due and owing under the Note. A true and accurate copy of the Demand is attached hereto and incorporated herein by reference as **Exhibit B**.

15.    The Borrower failed and refused and continues to fail and refuse to respond to the demand.

16.    Therefore, the Borrower is liable to the Bank in the principal amount of $180,009.56, interest in the amount of $15,977.05 as of March 15, 2005 and thereafter accruing, late fees in the amount of $2,381.72 as of March 15, 2005 and thereafter accruing, plus all costs and attorneys' fees incurred by the Bank in enforcing its rights under the Note.

### COUNT II

### (v. Blair to Enforce the Guaranty)

17.    The Bank realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 16 above.

3

18.    On June 14, 2000, Blair executed and delivered to the Bank a Commercial Guaranty whereby he absolutely and unconditionally guarantied the Borrower's indebtedness to the Bank. A true and accurate copy of the Guaranty is attached hereto and incorporated herein by reference as **Exhibit C**.

19.    Sovereign Bank holds the Guaranty as successor by merger with First Essex Bank, F.S.B.

20.    The Borrower defaulted under the terms and conditions of the Note, as modified, as set forth above.

21.    Accordingly, on March 9, 2005, the Bank advised Blair of the defaults and made demand for the full amount due under the Commercial Guaranty. A true and accurate copy of the Demand is attached hereto and incorporated herein by reference as **Exhibit D**.

22.    Blair failed and refused and continues to fail and refuse to respond to the Demand.

23.    Therefore, Blair is liable to the Bank in the principal amount of $180,009.56, interest in the amount of $15,977.05 as of March 15, 2005 and thereafter accruing, late fees in the amount of $2,381.72 as of March 15, 2005 and thereafter accruing, plus all costs and attorneys' fees incurred by the Bank in enforcing its rights under the Guaranty.

## COUNT III

### (v. Salem to Enforce the Guaranty)

24.    The Bank realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 23 above.

25.    On June 14, 2000, Salem executed and delivered to the Bank a Commercial Guaranty whereby he absolutely and unconditionally guarantied the Borrower's indebtedness to

the Bank. A true and accurate copy of the Guaranty is attached hereto and incorporated herein by reference as **Exhibit E**.

26.    Sovereign Bank holds the Guaranty as successor by merger with First Essex Bank, F.S.B.

27.    The Borrower defaulted under the terms and conditions of the Note, as modified, as set forth above.

28.    Accordingly, on March 9, 2005, the Bank advised Salem of the defaults and made demand for the full amount due under the Commercial Guaranty. A true and accurate copy of the Demand is attached hereto and incorporated herein by reference as **Exhibit F**.

29.    Salem failed and refused and continues to fail and refuse to respond to the Demand.

30.    Therefore, Salem is liable to the Bank in the principal amount of $180,009.56, interest in the amount of $15,977.05 as of March 15, 2005 and thereafter accruing, late fees in the amount of $2,381.72 as of March 15, 2005 and thereafter accruing, plus all costs and attorneys' fees incurred by the Bank in enforcing its rights under the Guaranty.

## COUNT IV

### (v. Lord to Enforce the Guaranty)

31.    The Bank realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 30 above.

32.    On June 15, 2000, Lord executed and delivered to the Bank a Commercial Guaranty whereby he absolutely and unconditionally guarantied the Borrower's indebtedness to the Bank. A true and accurate copy of the Guaranty is attached hereto and incorporated herein by reference as **Exhibit G**.

5

33.    Sovereign Bank holds the Guaranty as successor by merger with First Essex Bank, F.S.B.

34.    The Borrower defaulted under the terms and conditions of the Note, as modified, as set forth above.

35.    Accordingly, on March 9, 2005, the Bank advised Lord of the defaults and made demand for the full amount due under the Commercial Guaranty. A true and accurate copy of the Demand is attached hereto and incorporated herein by reference as **Exhibit H**.

36.    Lord failed and refused and continues to fail and refuse to respond to the Demand.

37.    Therefore, Lord is liable to the Bank in the principal amount of $180,009.56, interest in the amount of $15,977.05 as of March 15, 2005 and thereafter accruing, late fees in the amount of $2,381.72 as of March 15, 2005 and thereafter accruing, plus all costs and attorneys' fees incurred by the Bank in enforcing its rights under the Guaranty.

## COUNT V

### (v. Goldeneye to Enforce the Guaranty)

38.    The Bank realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 37 above.

39.    On June 14, 2000, Goldeneye executed and delivered to the Bank a Commercial Guaranty whereby it absolutely and unconditionally guarantied the Borrower's indebtedness to the Bank. A true and accurate copy of the Guaranty is attached hereto and incorporated herein by reference as **Exhibit I**.

40.    Sovereign Bank holds the Guaranty as successor by merger with First Essex Bank, F.S.B.

6

41.    The Borrower defaulted under the terms and conditions of the Note, as modified, as set forth above.

42.    Accordingly, on March 9, 2005, the Bank advised Goldeneye of the defaults and made demand for the full amount due under the Commercial Guaranty. A true and accurate copy of the Demand is attached hereto and incorporated herein by reference as **Exhibit J**.

43.    Goldeneye failed and refused and continues to fail and refuse to respond to the Demand.

44.    Therefore, Goldeneye is liable to the Bank in the principal amount of $180,009.56, interest in the amount of $15,977.05 as of March 15, 2005 and thereafter accruing, late fees in the amount of $2,381.72 as of March 15, 2005 and thereafter accruing, plus all costs and attorneys' fees incurred by the Bank in enforcing its rights under the Guaranty.

## COUNT VI

### (v. Salem Whale Watch to Enforce the Guaranty)

45.    The Bank realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 44 above.

46.    On June 14, 2000, Salem Whale Watch executed and delivered to the Bank a Commercial Guaranty whereby it absolutely and unconditionally guarantied the Borrower's indebtedness to the Bank. A true and accurate copy of the Guaranty is attached hereto and incorporated herein by reference as **Exhibit K**.

47.    Sovereign Bank holds the Guaranty as successor by merger with First Essex Bank, F.S.B.

48.    The Borrower defaulted under the terms and conditions of the Note, as modified, as set forth above.

7

49.     Accordingly, on March 9, 2005, the Bank advised Salem Whale Watch of the defaults and made demand for the full amount due under the Commercial Guaranty. A true and accurate copy of the Demand is attached hereto and incorporated herein by reference as **Exhibit L.**

50.     Salem Whale Watch failed and refused and continues to fail and refuse to respond to the Demand.

51.     Therefore, Salem Whale Watch is liable to the Bank in the principal amount of $180,009.56, interest in the amount of $15,977.05 as of March 15, 2005 and thereafter accruing, late fees in the amount of $2,381.72 as of March 15, 2005 and thereafter accruing, plus all costs and attorneys' fees incurred by the Bank in enforcing its rights under the Guaranty.

## COUNT VII

### (v. Lake Champlain to Enforce the Guaranty)

52.     The Bank realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 51 above.

53.     On June 15, 2000, Lake Champlain executed and delivered to the Bank a Commercial Guaranty whereby it absolutely and unconditionally guarantied the Borrower's indebtedness to the Bank. A true and accurate copy of the Guaranty is attached hereto and incorporated herein by reference as **Exhibit M**.

54.     Sovereign Bank holds the Guaranty as successor by merger with First Essex Bank, F.S.B.

55.     The Borrower defaulted under the terms and conditions of the Note, as modified, as set forth above.

56.    Accordingly, on March 9, 2005, the Bank advised Lake Champlain of the defaults and made demand for the full amount due under the Commercial Guaranty.  A true and accurate copy of the Demand is attached hereto and incorporated herein by reference as **Exhibit N**.

57.    Lake Champlain failed and refused and continues to fail and refuse to respond to the Demand.

58.    Therefore, Lake Champlain is liable to the Bank in the principal amount of $180,009.56, interest in the amount of $15,977.05 as of March 15, 2005 and thereafter accruing, late fees in the amount of $2,381.72 as of March 15, 2005 and thereafter accruing, plus all costs and attorneys' fees incurred by the Bank in enforcing its rights under the Guaranty.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Sovereign Bank successor by merger with First Essex Bank, F.S.B., prays for the following relief:

1.    That Judgment enter in favor of the Plaintiff, Sovereign Bank successor by merger with First Essex Bank, F.S.B., and against the Defendant, Bowditch Boat Holdings LLC, in the principal amount of $180,009.56, interest in the amount of $15,977.05 as of March 15, 2005 and thereafter accruing, late fees in the amount of $2,381.72 as of March 15, 2005 and thereafter accruing, plus all costs and attorneys' fees incurred by the Bank in enforcing its rights under the Note pursuant to Count I of the Complaint;

2.    That Judgment enter in favor of the Plaintiff, Sovereign Bank successor by merger with First Essex Bank, F.S.B., and against the Defendant, Robert E. Blair, Jr., in the principal amount of $180,009.56, interest in the amount of $15,977.05 as of March 15, 2005 and thereafter accruing, late fees in the amount of $2,381.72 as of March 15, 2005 and thereafter

accruing, plus all costs and attorneys' fees incurred by the Bank in enforcing its rights under the Guaranty pursuant to Count II of the Complaint;

3.      That Judgment enter in favor of the Plaintiff, Sovereign Bank successor by merger with First Essex Bank, F.S.B., and against the Defendant, Robert J. Salem, in the principal amount of $180,009.56, interest in the amount of $15,977.05 as of March 15, 2005 and thereafter accruing, late fees in the amount of $2,381.72 as of March 15, 2005 and thereafter accruing, plus all costs and attorneys' fees incurred by the Bank in enforcing its rights under the Guaranty pursuant to Count III of the Complaint;

4.      That Judgment enter in favor of the Plaintiff, Sovereign Bank successor by merger with First Essex Bank, F.S.B., and against the Defendant, Henry Lord, in the principal amount of $180,009.56, interest in the amount of $15,977.05 as of March 15, 2005 and thereafter accruing, late fees in the amount of $2,381.72 as of March 15, 2005 and thereafter accruing, plus all costs and attorneys' fees incurred by the Bank in enforcing its rights under the Guaranty pursuant to Count IV of the Complaint;

5.      That Judgment enter in favor of the Plaintiff, Sovereign Bank successor by merger with First Essex Bank, F.S.B., and against the Defendant, Goldeneye Corporation, in the principal amount of $180,009.56, interest in the amount of $15,977.05 as of March 15, 2005 and thereafter accruing, late fees in the amount of $2,381.72 as of March 15, 2005 and thereafter accruing, plus all costs and attorneys' fees incurred by the Bank in enforcing its rights under the Guaranty pursuant to Count V of the Complaint;

6.      That Judgment enter in favor of the Plaintiff, Sovereign Bank successor by merger with First Essex Bank, F.S.B., and against the Defendant, Salem Whale Watch & Cruise Company LLC, in the principal amount of $180,009.56, interest in the amount of $15,977.05 as

of March 15, 2005 and thereafter accruing, late fees in the amount of $2,381.72 as of March 15, 2005 and thereafter accruing, plus all costs and attorneys' fees incurred by the Bank in enforcing its rights under the Guaranty pursuant to Count VI of the Complaint;

7.    That Judgment enter in favor of the Plaintiff, Sovereign Bank successor by merger with First Essex Bank, F.S.B., and against the Defendant, Lake Champlain Transportation Company, in the principal amount of $180,009.56, interest in the amount of $15,977.05 as of March 15, 2005 and thereafter accruing, late fees in the amount of $2,381.72 as of March 15, 2005 and thereafter accruing, plus all costs and attorneys' fees incurred by the Bank in enforcing its rights under the Guaranty pursuant to Count VII of the Complaint; and

8.    For such other and further relief as this court deems just and equitable.

SOVEREIGN BANK, SUCCESSOR BY
MERGER WITH FIRST ESSEX BANK, F.S.B.

By its Attorney,
RIEMER & BRAUNSTEIN LLP

Dated: March 16, 2005

Meegan B. Casey
BBO #648526
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

HEREBY ATTEST AND CERTIFY ON
APRIL 6, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY
ASSISTANT CLERK

11

## PLAINTIFF'S VERIFIED AD DAMNUM PURSUANT TO
## MASSACHUSETTS GENERAL LAW, CHAPTER 231, SECTION 13B

I, Bret E. Bokelkamp, Vice President of Sovereign Bank, successor by merger with First Essex Bank, F.S.B. (the "Bank"), having personal knowledge of the facts pertaining to the above-captioned case, and based upon the Bank's books and records kept in the ordinary course of business, being duly sworn on oath, do hereby state that as of March 15, 2005 the total amount of loss sustained by the Bank, and due and owing from Defendants, jointly and severally, Bowditch Boat Holdings LLC, Robert E. Blair, Jr., Robert J. Salem, Henry Lord, Goldeneye Corporation, Salem Whale Watch & Cruise Company LLC, and Lake Champlain Transportation Company is the principal amount of $180,009.56, interest in the amount of $15,977.05 and thereafter accruing, late fees in the amount of $2,381.72 and thereafter accruing, plus all costs and attorneys' fees incurred by the Bank in enforcing its rights under the Commercial Promissory Note, and Commercial Guaranties.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _10th_ DAY OF MARCH, 2005.

Bret E. Bokelkamp
~~Assistant~~ Vice President
Sovereign Bank

58025.524.878841.1

12