UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOVEREIGN BANK,            )<br>    PLAINTIFF                         )<br>                                               )<br>    vs.                                    )<br>                                               )<br>BOWDITCH BOAT HOLDINGS, LLC;   )<br>GOLDENEYE CORPORATION;         )<br>SALEM WHALE WATCH&             )<br>CRUISE CO. LLC;  LAKE CHAMPLAIN )<br>TRANSPORTATION CO.;            )<br> ROBERT E. BLAIR JR.;              )<br> ROBERT J. SALEM;                   )<br> AND HENRY LORD                    )<br>                                               )<br>    DEFENDANTS                   ) | Civil Action No. 05-10668 NMG |

### ROBERT J. SALEM'S MOTION TO DISOLVE OR MODIFY REAL ESTATE ATTACHMENTS
### EXPEDITED HEARING REQUESTED

Now comes Robert J. Salem, and by his attorney's moves to dissolve or dismiss certain real estate attachments that were granted in this action in favor Sovereign Bank that were granted by the Superior Court for Suffolk on or about 30 March 2005. As grounds for the motion defendant states the following:

1. The attachment is interfering with the sale of property located at 23 Gloucester Avenue, Gloucester, MA:

2. The attachment against Salem and others is unneeded as plaintiff has more enough collateral to satisfy the debt.

3. In allowing the attachments, the Superior Court ordered that the attachment could be revised by motion within 48 hours of giving notice.

4. The attachments that were filed against Robert J. Salem are excessive and should be reduced or modified pursuant to MGL Ch. 223 Sec. 114, by dissolving the attachment with regard to property located at 23 Gloucester Avenue, Gloucester, Massachusetts.

5. Despite knowledge of the excessive attachment, the Plaintiff has refused Defendant's request to modify the attachment.

Wherefore Defendant prays that the attachments against him be dissolved or modified for reasons that are more fully set forth in the accompanying Memorandum and Affidavit. A proposed order is annexed hereto as exhibit A.

**The Defendant requests expedited hearing to allow him to sell the subject property in accordance with a recently signed purchase and sale agreement.**

Robert J. Salem
By his attorney:

*/s/ Stephen M. Ouellette*
Stephen M. Ouellette, Esq.
BBO No.: 543752
Cianciulli and Ouellette
163 Cabot Street
Beverly, MA 01915
Tel: (978) 922-9933
Fax (978) 922-6142

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOVEREIGN BANK,<br>    PLAINTIFF<br><br>vs.<br><br>BOWDITCH BOAT HOLDINGS, LLC;<br>GOLDENEYE CORPORATION;<br>SALEM WHALE WATCH&<br>CRUISE CO. LLC;  LAKE CHAMPLAIN<br>TRANSPORTATION CO.;<br> ROBERT E. BLAIR JR.;<br> ROBERT J. SALEM;<br> AND HENRY LORD<br><br>    DEFENDANTS | Civil Action No. 05-10668 NMG<br><br><br><br><br><br>ORDER PARTIALLY<br>DISSOLVING ATTACHMENT |

After hearing it is hereby ORDERED that the attachment entered in the matter of <u>Sovereign Bank v. Bowditch Boat Holdings, LLC, Goldeneye Corporation, Salem Whale Watch & Cruise Co., LLC, Lake Champlain Transportation Co., Robert J. Blair, Robert J. Salem and Henry Lord</u>, Suffolk Superior Court Civil Action No. 05-01021A (which action has been removed to this Court) and recorded in the Southern Essex County Registry of deeds at Book 24153, Page 236, is <u>hereby dissolved with regard to the property of Robert J. Salem located at 23 Gloucester Avenue, Gloucester, MA</u>

So Ordered:

_____                    Dated:

Property: Affected: 23 Gloucester Avenue, Gloucester
Grantor:  Sovereign Bank
Grantee:  Robert J. Salem

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOVEREIGN BANK,<br>    PLAINTIFF<br><br>vs.<br><br><br>BOWDITCH BOAT HOLDINGS, LLC;<br>*Et al*<br>    DEFENDANTS | Civil Action No. 05-10668 NMG |

### Affidavit of Robert J. Salem

Now comes the undersigned Robert J. Salem and states as follows:

1. I am one of the defendants herein. On or about March 30, 2005 my personal real estate assets were attached in the amount of **$205,000** as part of a collection proceeding brought in Massachusetts Superior Court by Sovereign Bank.

2. At my request my counsel has sought to have the Plaintiff voluntarily dissolve the attachment to the extent my property exceeds the amount of the attachment allowed, and the Plaintiff has refused to consent to such dissolution.

3. I own two pieces of real estate, both of which are in Gloucester, Massachusetts. The first property is my personal residence located at 323 Concord Street. I have an appraisal of that property, done on January 25, 2005, by Linda Birmingham, MA Cert. Res. 70690, which determined the value of the property at $550,000. That property is subject to a first mortgage through Merrill Lynch Credit Corporation with a current balance of $122,400. There is also an equity line of credit through Fleet Bank, now Bank of America, with a current balance of around $100,000 and a maximum draw of

$150,000. This leaves equity available in this property of over $300,000. Sovereign Bank's attachment is more than adequately covered by this property.

4. The second property is a single-family residence located at 23 Gloucester Avenue. It has a first mortgage of $243,000 through Washington Mutual Bank. It is currently for sale and there is an agreement pending that is now delayed subject to plaintiff's real estate attachment on that property. The property could have been sold within the last several days absent the attachment .I believe that my equity in the property is approximately $65,000. I have recently signed a purchase and sale agreement, subject to dissolution of the attachment. I will submit further documentation for this Affidavit if the same is requested by the bank or by the Court.

5. I am asking the court to release the real estate attachment on the 23 Gloucester Avenue property so that the sale can go forward with a clean title. The real estate attachment on the other property that is my personal residence, 323 Concord Street more than covers the total amount of the $205,000.00 attachment that was granted by the court to Sovereign Bank against my property. I am only one of seven individuals or legal entities against which Sovereign Bank has made claim, attempted to enforce guarantees and a promissory note or otherwise has sought real estate attachments. At present, Sovereign also holds a first preferred ships mortgage on the M/V MANISEE, with value of between $140,000 and $250,000, and by virtue of its attachment, a lien on my property in which I hold equity of more than $400,000, property of Goldeneye Corporation worth in excess of $400,000 as well as the home of Mr. Blair. In short, Sovereign has asserted liens against property worth in excess of $1,000,000 for its claim of $205,000. Despite

being presented with the evidence of the excess value of the attached property, Sovereign refuses to consent to a partial dissolution of the attachment.

       Signed under the pains and penalties of perjury.

Dated: May 10, 2005

                                      /s/ *Robert J. Salem*
                                      _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOVEREIGN BANK,  )<br>    PLAINTIFF  )<br>  )<br>vs.  )<br>  )<br>BOWDITCH BOAT HOLDINGS, LLC;  )<br>    Et al  )<br>    DEFENDANTS  ) | Civil Action No. 05-10668 NMG |

**ROBERT J. SALEM'S MEMORANDUM IN SUPPORT OF MOTION TO DISOLVE OR MODIFY REAL ESTATE ATTACHMENTS**

Introduction:

Defendant, Robert J. Salem files this motion to dissolve or modify the attachment against certain real estate owned by him, only after the Plaintiff has flatly denied a request to do so without the need for motion practice.  By letter dated May 2, 2005, Defendant's counsel provided appraisals and loan statements to Plaintiff evidencing the approximately $300,000 in equity held by Defendant in 323 Concord Street, Gloucester, and on May 6, 2005, provided a copy of a signed purchase and sale agreement for 23 Gloucester Avenue, Gloucester, MA.  Despite the request to do so, Plaintiff refuses to adjust the attachment accordingly, and insists on maintaining a lien on various property of the defendants valued at in excess of $1,000,000 to secure its claim of $205,000.

1. **The Attachments Against Salem and Others were Unnecessary and Are Excessive.**

    Plaintiff sought and received (under questionable circumstances and averments) real estate attachments against defendants Robert J. Salem, Goldeneye Corp. and Robert E. Blair, Jr. as Guarantors. Each of the attachments is in the

amount of plaintiff's claim against borrower Bowditch Boat Holdings, LLC in the amount of $205,000.00. In addition, plaintiff has further guarantees from other defendants including Salem Whale Watch and Cruise Co. (Complaint, Ex. K); Lake Champlain Transportation Co. (Complaint, Ex. M) and Henry Lord (Complaint, Ex. G). Moreover, the primary obligation to plaintiff is a Promissory Note ("Note") signed by Bowditch Boat Holdings, LLC, for the full amount of the debt. Further, plaintiff holds a Preferred Ship Mortgage on M/V Manisee, a vessel owned by the primary debtor, Bowditch Boat Holdings, LLC (Notice of Removal, Ex. 2). That vessel has been on the market since at least the fall of 2004 and is listed at a price of $240,000.00 and plaintiff is perfectly well aware of this matter.  Upon further information and belief, M/V MANISEE has a suggested Fair Market Value from a somewhat recent condition and valuation survey of $140,000.00. Based upon the foregoing, plaintiff has the collateral of the vessel in the amount of $140,000.00 plus three separate real estate attachments in the amount of $205,000.00 each. That is the equivalent of $755,000.00 without any discussion of the other guarantees or the where-with-all of the several guarantors..

How in good faith could Mr. Bokelkamp aver in his **Affidavit in Support of Real Estate Attachments, 10 March 2005**   "The bank believes, and therefore avers, that that Defendants do not have sufficient assets to satisfy their obligations to the Bank.(Id. Para. # 14). Plaintiff further avers "Accordingly, the Bank believes, and therefore avers, that  its request for a real estate attachment is necessary to afford the Bank reasonable for its final judgment on the merits against the Defendants." (Id. Para. # 15). The above averments are unsupported by additional facts that Mr.

Bokelkamp has failed to set forth the facts required as to the need for the real estate attachments to warrant a finding of a need for the attachments pursuant to M R, Civ. P. 4.1 Section c and (h). Indeed there may be an issue as to whether the attachments were obtained by plaintiff in a manner that violate Massachusetts Law, Substantive Due Process and just plain common sense. Based upon the forgoing, the attachments against defendant Salem as well a the other defendant should be dissolved due to the fact that the attachments were improvidently granted by the Superior Court for Suffolk and that the pleadings and affidavits that court relied upon did not comport with the Rules of Court or Massachusetts Law.

2. **Modification of Real Estate Attachments Pursuant to MGL, Ch. 223 Section 114.**

   In the event that the court does not dissolve the real state attachments against Salem and others for the reasons set forth above, Salem pleads, in the alternative, that the scope of the attachment be modified in accordance with MGL, Ch. 223, Section 114 because it is excessive.

   On or about 30 March 2005, the Superior Court for Suffolk allowed a real estate attachment against Salem's real estate. The real estate attachment against Salem was later filed on two separate properties that are owned by Salem. One property is located at 323 Concord Street, Gloucester, Massachusetts. That property is Salem's personal residence (Affidavit of Robert J. Salem, Exhibit 1, para# 2). The second property that was attached is located at 23 Gloucester Ave, Gloucester, Massachusetts. The total amount of the attachment issued by the state court was $205,000.00.

The property at 323 Concord Street, Salem's personal residence allows plaintiff more than enough security for the attachment of $205,000.00. (Affidavit of Robert J. Salem, Exhibit 1, para# 2).

The other property that was attached was the 23 Gloucester Avenue property. That property is currently for sale and there is a willing buyer. The sale has been delayed as a result of the improvidently granted attachments (Affidavit of Robert J. Salem, Exhibit 1, para# 2). Once again, plaintiff failed to do its homework unless the Real Estate Attachment was requested and served on all of Salem's real estate for reasons other than to obtain necessary security.

<u>Pursuant to MGL, Ch. 223 Section 114,</u> the Real Estate Attachment, as filed against Salem's properties are unreasonable and excessive. The attachment on the 23 Gloucester Avenue property should be immediately dissolved by the court in order to allow Salem to sell that property. Plaintiff's attachment on the 323 Concord Avenue property is more than sufficient for the security that plaintiff has sought.

Wherefore: defendant prays that the Complaint be dismissed and/or the attachments against him be dissolved or modified for reasons that are more fully set forth and this Memorandum with costs and reasonable Attorneys fees, and that this Honorable Court enter such further relief as the interests of justice may require.

    Robert J. Salem
    By His Attorneys,

    <u>*/s/ Stephen M. Ouellette*</u>
    Stephen M. Ouellette, Esq.
    BBO No.: 543752
    Cianciulli and Ouellette
    163 Cabot Street
    Beverly, MA 01915
    Tel: (978) 922-9933
    Fax (978) 922-6142