UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOVEREIGN BANK, SUCCESSOR BY MERGER WITH FIRST ESSEX BANK, F.S.B., | Civil Action No. 05-10668-NMG |
| Plaintiff, | |
| v. | |
| BOWDITCH BOAT HOLDING, LLC; GOLDENEYE CORPORATION; SALEM WHALE WATCH & CRUISE COMPANY, LLC; LAKE CHAMPLAIN TRANSPORTATION COMPANY; ROBERT E. BLAIR, JR.; ROBERT J. SALEM AND HENRY LORD, | |
| Defendants. | |

## PLAINTIFF'S OPPOSITION TO ROBERT J. SALEM'S MOTION TO DISSOLVE OR MODIFY REAL ESTATE ATTACHMENTS

The Plaintiff, Sovereign Bank (the "Bank"), opposes the Motion of Robert J. Salem ("Salem") to Dissolve or Modify Real Estate Attachment. The general Real Estate Attachment was properly granted by the Suffolk Superior Court as pre-judgment security prior to the removal of this action to this Court and should not be dissolved or modified. Preliminarily, the Bank alerts this Court that it may not have subject matter jurisdiction over this matter. If the Court finds it has jurisdiction, the Bank urges this Court to deny the motion.

Salem brings this motion because he seeks to sell the property known as 23 Gloucester Avenue, Gloucester, Massachusetts (the "Gloucester Avenue Property"). Despite the representations made by Salem in his motion, the Bank has made efforts on two occasions to negotiate with Salem regarding a possible release of the attachment to permit the sale of the Gloucester Avenue Property, as further discussed below. Salem, however, has been unwilling to negotiate with the Bank and instead has requested that the Bank gratuitously release the

attachment.  Because the amount of the attachment is reasonable and was granted by the Superior

Court after notice and a hearing at which Salem appeared, admitted liability for the amounts due

and owing to the Bank and informed the Court that the Gloucester Avenue Property was for sale,

the Court was presented with all relevant information and properly granted the attachment.

Further, Salem's assertion that there is equity in the property owned by Salem located at 323

Concord Street, Gloucester, Massachusetts (the "Concord Street Property") in excess of the

Bank's attachment is misleading.  One cannot predict his equitable interest in this property at the

time the Bank obtains judgment given an unknown future market value and the possibility of any

number of occurrences which could decrease his equity in the property, including his failure to

pay taxes or a default on the note underlying the mortgage on the property.  Further, in light of

the substantial time and expense which the Bank anticipates having to devote to this litigation,

based thus far on the various defendants' protestations to date (all non-substantive, but requiring

time and expenses nonetheless) set out in the six motions to dismiss, the legal fees incurred by

the Bank in this matter, for which the Defendants are responsible under the terms of the

Promissory Note and Commercial Guaranties, will likely lead to a recover by the Bank in excess

of the amount of the current attachment.  As such, the Bank should consider seeking to increase

the amount of the attachment.

## BACKGROUND

The Bank filed this case in the Superior Court of the Commonwealth of Massachusetts

for Suffolk County seeking to enforce a Promissory Note made by Bowditch Boat Holding, LLC

("Bowditch") and five Commercial Guaranties (the terms of which are identical) made by the

remaining defendants, including Salem.  After notice and a hearing, at which Salem appeared,

admitted he was liable to the Bank for the amounts due and owing as stated in the Complaint,

and informed the Court that he was in the process of selling the Gloucester Avenue Property, the Superior Court granted the general real estate attachment, which by definition attaches to all real property owned by Salem in the Commonwealth of Massachusetts.  Thereafter, and despite the fact that the Bank's Complaint states no issue of Federal Law, Bowditch removed the action to this Court based on 46 U.S.C. § 31325.

## ARGUMENT

### A.    This Court May Lack Subject Matter Jurisdiction Over this Action

As stated in the Bank's Opposition to the Defendants' Motions to Dismiss, this Court may not have jurisdiction over this matter.  The Complaint, which was originally filed in Massachusetts Superior Court raises no issue of Federal Law.  Bowditch asserts, in its Notice of Removal, that because, as additional security for the Promissory Note executed by Bowditch, Bowditch granted the Bank a First Preferred Mortgage on the vessel known as the *M/V Manisee* (the "Collateral") which the Bank does not seek to enforce, that this Court's jurisdiction under 46 U.S.C. § 31325 is triggered.  That statute grants the District Courts original jurisdiction over cases involving defaults of preferred mortgages on documented vessels if suit is brought by the plaintiff in that forum.  In this case, the jurisdiction of this Court is not triggered because the Bank is not seeking to enforce the First Preferred Mortgage as a result of any default thereunder. The Bank is only seeking state law enforcement of the terms and conditions of the Promissory Note and Commercial Guaranties.  See Dietrich v. Key Bank, N.A., 72 F.3d 1509, 1515 (11th Cir. 1996); Duzich v. Coastal Plains Production Credit Assoc., 861 F. Supp. 596, 598 (S.D. Tx. 1994).

Further, it is well established that a creditor can obtain judgment against a borrower without looking to the collateral securing the borrower's obligation.  See First Republic Corp. of

America v. BayBank, 424 Mass. 704, 707-708 (1997); Rockland-Atlas National Bank of Boston v. Barry, 336 Mass. 220, 222-223 (1957).  In fact, the Defendants in this action specifically agreed that the Bank could pursue its rights under the Promissory Note or any of the Commercial Guaranties without seeking to enforce its rights against the Collateral, the Borrower or any other Guarantor.  See Promissory Note, "Waivers and General Provisions" and Commercial Guaranties, "Guarantor's Waivers," attached to the Bank's Complaint as Exhibits A, C, E, G, I, K, M.

Because the Bank does not seek (and is not required to seek) to enforce the terms and conditions of the First Preferred Mortgage, and is only seeking to enforce its private contractual relationship with the Defendants under the Promissory Note and Commercial Guaranties, the jurisdiction of this Court pursuant to 46 U.S.C. § 31325 is not triggered.  If, however, this Court finds it does have jurisdiction, the Bank urges the Court to deny Salem's motion.

**B.    This Court Must Give Effect to the Attachments Granted in State Court**

Attachments granted by a state court prior to removal are preserved, as granted, in the federal court action to secure the final judgment.  28 U.S.C. § 1450.  See also Sun Forest Corp. v. Shvili, 152 F. Supp. 2d 367, 387 (S.D.N.Y. 2001) (a federal court "takes the [removed] action in the posture in which it existed when it is removed from a state's court jurisdiction and must give effect to all actions and procedures accomplished in a state court prior to removal") (quotations omitted).  Salem appears to make two arguments in his motion, (i) that the attachments as to all defendants should be dissolved as they were improvidently granted by the Superior Court, and (ii) in the alternative, that the attachment as to Salem should be modified pursuant to M.G.L. c. 223, § 114, to allow the sale of the Gloucester Avenue Property.  Because the attachments were properly granted by the Superior Court, the attachments should not be dissolved.  Nor should the

attachment as to the Gloucester Avenue Property be modified as the amount of the attachment is reasonable and no grounds exist under M.G.L. c. 223, § 114 for modification.

### C.    The Real Estate Attachments Were Properly Granted

The real estate attachments were properly granted by the Superior Court.  As stated above, the terms of the Promissory Note and Commercial Guaranties obligate each Bowditch and the other defendants for the full amount due and owing to the Bank.  As such, the Defendants will be jointly and severally liable for the judgment obtained by the Bank.  As stated in the Complaint, the principal, interest and late fees due and owing to the Bank as of March 15, 2005 were $198,368.33.  In addition, under the terms and conditions of the Promissory Note and Commercial Guaranties, the Defendants are obligated to the Bank for attorneys' fees and costs incurred in enforcing the Bank's rights and remedies in this matter.  See Promissory Note, "Lender's Rights" and Commercial Guaranties, "Attorneys' Fees; Expenses."   Because the Defendants are severally liable and the Bank may pursue any one of them for the full amount due and owing, the Superior Court properly granted the real estate attachment in the amount of $205,000.00 against the real property of Salem, Robert E. Blair Jr. ("Blair") and Goldeneye Corporation ("Goldeneye"), specifically finding that there is a "reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment approved herein over and above any liability insurance shown by the defendants to be available to satisfy the judgment." See Findings and Order of Approval of Attachment attached hereto as Exhibit A.

In arguing that the attachment against Salem should be dissolved[1] Salem states that this attachment is unnecessary as the Bank "has more than enough collateral" to satisfy the debt.

---

[1] Salem appears to argue that all of the attachments should be dissolved, however he lacks standing to make this argument on behalf of the other defendants who are represented by different counsel and who have not joined in this motion.

This argument is without merit.  First, as stated above each defendant is severally liable for the obligations due and owing to the Bank and the Bank can pursue any one of them for the full amount owed to the Bank.  Second, the Bank is unable to say that either of the attachments as to the real property of Blair or Goldeneye provides adequate security for the Bank's claims after factoring in the market value of the properties at the time judgment is obtained, the encumbrances thereon and the amount of the final judgment in favor of the Bank, including attorneys' fees and costs incurred by the Bank.

Further, although Salem would like to limit the Bank's security to the Collateral, the Bank, given the age and condition of the vessel and the costs associated with foreclosing on same, has chosen not to pursue the Collateral as is its right under law and the loan documents. See First Republic Corp. of America v. BayBank, 424 Mass. 704, 707-708 (1997); Rockland-Atlas National Bank of Boston v. Barry, 336 Mass. 220, 222-223 (1957); Promissory Note, "Waivers and General Provisions," Commercial Guaranties, "Guarantor's Waivers," and First Preferred Mortgage p. 15, attached to the Notice of Removal as Exhibit 2.  In addition, the Collateral is of questionable worth, which at least in part is evidenced by the fact that Bowditch has been unsuccessfully marketing the vessel for sale for almost a year.  See Salem's Memorandum in Support of Motion to Dissolve or Modify Real Estate Attachments at p. 2. Thus, Salem's argument that the Bank is over secured is factually misleading and incorrect as a matter of law.[2]

---

[2] Further, Salem questions the good faith basis for the statements made in the Affidavit supporting the Plaintiff's Motion for Real Estate Attachments.  These statement were well supported by the facts as stated above and were made in conformance with Mass.R.Civ.P. 4.1.  In addition, the attachments were granted in accordance with Massachusetts law and due process as notice and a hearing, at which Salem was present, occurred prior to the Superior Court's grant of the attachment.

**D.** **The Attachment is not Subject to Modification Pursuant to M.G.L. c. 223, § 114**

M.G.L. c. 223, § 114 provides that a court may reduce or discharge an attachment:

If, upon a summary hearing of the parties, it is found that the action is one to recover for an amount which is liquidated or ascertainable by calculation, and the attachment is for a larger sum than the amount of the claim and such additional amount as is reasonably necessary to include interest thereon and costs likely to be taxed in the action, or if it appears that the amount of the claim is unliquidated and unascertainable by calculation and that the amount of the attachment is excessive or unreasonable . . .

The attachment is not subject to reduction or dissolution as the Bank is reasonably likely to recover the amount of the attachment, $205,000.00. The Superior Court granted the Bank a general real estate attachment, which by definition applies to all property held by Salem in the Commonwealth of Massachusetts, including the Gloucester Avenue Property and the Concord Street Property. Salem's main argument is that because he feels his equity in the Concord Street Property is sufficient security for the Bank's claim, that the Bank should be willing to gratuitously release the attachment as to the Gloucester Avenue Property. However, Salem cannot say with certainty that the Concord Street Property is adequate security for the Bank's claims given that Salem cannot predict either the real estate market at the time judgment in favor of the Bank is obtained, or the amount of attorneys' fees and costs incurred by the Bank that will be included in the judgment (the Bank anticipates the life span of this case may be lengthy given the motions to dismiss and opposition thereto which are before this court and that the Defendants have not presented a proposal for the orderly repayment of this obligation, despite acknowledgement by certain defendants, including Salem, that the money is owed). In addition, there are numerous events which could occur to decrease Salem's equity in the Concord Street Property, including failure to pay taxes and/or a default of his obligation to the bank holding the

note underlying the mortgage on the property.  Given the legal fees incurred by the Bank thus far, it is more than likely that the Bank will recover judgment in excess of the amount of the attachment and potentially in excess of Salem's current equity in the Concord Street Property.

### E.     The Bank has Negotiated With Salem in Good Faith

The Bank has made attempts to negotiate with Salem to allow for the sale of the Gloucester Avenue Property.  The Bank on two occasions has offered to release the attachment in exchange for an agreement by Salem to turnover to the Bank the proceeds from the sale, or a portion thereof, or an agreement by Salem to hold the proceeds from the sale in escrow pending the outcome of this matter.  See Affidavit of Counsel attached hereto as Exhibit B.  Salem has been unwilling to pursue either of these options and instead has requested that the Bank release the attachment as to the Gloucester Avenue Property for no consideration.  Id.

Salem is essentially arguing that the attachment is inequitable because it inhibits his ability to sell the Gloucester Avenue Property.  A pre-judgment attachment, however is a creation of statute under M.G.L. c. 223, § 42 and considerations of equity are not factors in that statutory scheme.  See Matses v. Leemann, 15 Mass. L. Rep. 719 (2003) (dissolution of an attachment pursuant to M.G.L. c. 223, § 114 was not warranted merely because the attachment inhibited the defendant from selling his property at market value) (and cases cited).  Simply because the attachment is an inconvenience to Salem is not reason under M.G.L.c. 223, § 114 for dissolution of the attachment.  Further, the procedures of M.G.L. c. 223, § 120 which allow a property owner to dissolve an attachment by posting a bond in the amount of the attachment are available to Salem to permit him to sell the Gloucester Avenue Property free of the attachment.

If this Court orders the release of the attachment as to the Gloucester Avenue Property,

the Bank requests an order that the net proceeds from the sale of that property be held in escrow

for the benefit of the Bank pending the outcome of this litigation.

WHEREFORE, the Plaintiff, Sovereign Bank, respectfully requests that this Court deny

Robert J. Salem's Motion to Dissolve or Modify Real Estate Attachments.

Dated:  May 19, 2005

Sovereign Bank, successor by merger with First Essex Bank, F.S.B.

By its Attorney,

RIEMER & BRAUNSTEIN LLP


/s/ Meegan B. Casey_____
Meegan B. Casey
BBO #648526
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000


## CERTIFICATE OF SERVICE

I, Meegan B. Casey, hereby certify that a true copy of the above document was served upon the attorney of record for each party as indicated below by mail on this date, May 19, 2005.

Brian Flanagan, Esquire
Flanagan & Hunter, P.C.
88 Black Falcon Avenue, Suite 274
Boston, Massachusetts 02210

Stephen M. Ouellette, Esquire
Cianciulli and Oellette
163 Cabot Street
Beverly, Massachusetts 01915


/s/ Meegan B. Casey
Meegan B. Casey

58025.524.891264.1

# EXHIBIT A

3.71✓

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT FOR
CIVIL BUSINESS

CIVIL ACTION

No. 05 -1021 A

_____Sovereign Bank_____ PLAINTIFF(S)

v.

_____Bonchance Boat Holders, LLC_____ DEFENDANT(S)

FINDING AND ORDER OF APPROVAL
OF ATTACHMENT

THIS CAUSE CAME ON TO BE HEARD AFTER NOTICE AND OPPORTUNITY TO BE

HEARD, UPON A MOTION FOR APPROVAL OF ATTACHMENT, AND THEREUPON, UPON

CONSIDERATION THEREOF, THE COURT HEREBY FINDS THAT THERE IS A REASONABLE

LIKELIHOOD THAT THE PLAINTIFF WILL RECOVER JUDGMENT, INCLUDING INTEREST

AND COSTS, IN AN AMOUNT EQUAL TO OR GREATER THAN THE AMOUNT OF THE ATTACHMENT

APPROVED HEREIN OVER AND ABOVE ANY LIABILITY INSURANCE SHOWN BY THE DEFENDANT

TO BE AVAILABLE TO SATISFY THE JUDGMENT..

notice
sent
4/1/05
M.B.C.
R + B.
R.J.S.
(mb)

THEREFORE, THE COURT HEREBY APPROVES ATTACHMENT IN THE AMOUNT

OF $ 205,000 as to each of the as Robert J. Salem, Robert
E. Blair and Henry Lord. This attachment is subject
to being vacated on 48 hours' notice

_____Em Feeley_____
JUSTICE OF THE SUPERIOR COURT DEPARTMENT

ENTERED: _____3/30/05_____

Form Civ.P.9(Rev)    8-82    500

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOVEREIGN BANK, SUCCESSOR BY MERGER WITH FIRST ESSEX BANK, F.S.B.,<br><br>                   Plaintiff,<br><br>v.<br><br>BOWDITCH BOAT HOLDING, LLC; GOLDENEYE CORPORATION; SALEM WHALE WATCH & CRUISE COMPANY, LLC; LAKE CHAMPLAIN TRANSPORTATION COMPANY; ROBERT E. BLAIR, JR.; ROBERT J. SALEM AND HENRY LORD,<br><br>                   Defendants. | Civil Action No. 05-10668-NMG |

## <u>AFFIDAVIT OF COUNSEL IN SUPPORT OF THE PLAINTIFF'S OPPOSITION TO ROBERT J. SALEM'S MOTION TO DISSOLVE OR MODIFY REAL ESTATE ATTACHMENTS</u>

I, Meegan B. Casey, Esquire, do hereby depose and state as follows:

1.     I am an attorney in good standing duly licensed to practice law in the Courts of the Commonwealth of Massachusetts and in the United States District Court for the District of Massachusetts and am an associate at the law firm of Riemer & Braunstein LLP (the "Firm"). The Firm is counsel for the Plaintiff, Sovereign Bank (the "Bank"), in the above captioned action.

2.     This action was commenced in the Superior Court in and for Suffolk County, Massachusetts on March 16, 2005 by the Bank seeking to enforce a Promissory Note made by Bowditch Boat Holding, LLC ("Bowditch") and five Commercial Guaranties (the terms of which are identical) made by the remaining defendants, including Robert J. Salem ("Salem").

3. On March 30, 2005, the Superior Court granted the Bank's Motion for Real Estate Attachment Against Defendant, Robert J. Salem after notice and a hearing at which Salem appeared and admitted he was liable to the Bank for the amounts due and owing as stated in the Complaint. This action was subsequently removed to this Court by the defendant, Bowditch.

4. On May 2, 2005, the Firm received a letter from counsel for Salem requesting that the Bank release the Real Estate Attachment as to the Property known as 23 Gloucester Avenue, Gloucester, Massachusetts (the "Gloucester Avenue Property") in order to allow Salem to sell the Property.

5. The Firm responded on behalf of the Bank by letter dated May 4, 2005. This letter was marked "For Settlement Purposes Only" and as such is not included as an Exhibit to this Affidavit. The Bank is willing to provide a copy of the letter for the Court's *in camera* review, if requested.

6. In the Firm's letter of May 4, 2005, the Firm informed Salem's counsel that, in light of Salem's admission at the hearing on Plaintiff's Motion for Real Estate Attachment that he was liable to the Bank for the amounts stated in the Complaint, the Bank may consider a proposal from Salem involving the release of the attachment as to the Gloucester Avenue Property in exchange for consideration paid by Salem to the Bank towards the amounts due and owing.

7. In response, the Firm received a second letter from Salem's counsel dated May 6, 2005, again asking the Bank to release the attachment in exchange for no consideration.

8. The Firm, on behalf of the Bank, authored a letter dated May 9, 2005 to Salem's counsel re-stating that the Bank may consider a proposal from Salem involving a release of the

attachment in exchange for consideration paid by Salem to the Bank towards the amount due and owing.  In addition, the Firm informed Salem's counsel that, in the alternative, the Bank may consider a release of the attachment in exchange for an agreement by Salem to hold the net proceeds of the sale in escrow for the benefit of the Bank pending the outcome of this litigation.  This letter was also marked "For Settlement Purposes Only" and as such is not included as an Exhibit to this Affidavit, however, the Bank is willing to provide the letter for the Court's *in camera* review, if requested.

9.      Salem was unwilling to negotiate with the Bank regarding this matter.

10.     As was stated in the Firm's letters dated May 4 and May 9, 2005, the Bank is willing to voluntarily release the attachment as to the Gloucester Avenue Property in exchange for the payment of the net proceeds of the sale to the Bank to be applied to the amounts due and owing or, in the alternative, an agreement by Salem to hold the proceeds of the sale in escrow for the benefit of the Bank pending the outcome of this litigation.

Signed under the pains and penalties of perjury, this 19th day of May, 2005.

Dated:  May 19, 2005

Sovereign Bank, successor by merger with First Essex Bank, F.S.B.

By its Attorney,

RIEMER & BRAUNSTEIN LLP

Meegan B. Casey
BBO #648526
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

## CERTIFICATE OF SERVICE

I, Meegan B. Casey, hereby certify that a true copy of the above document was served upon the attorney of record for each party as indicated below by mail on this date, May 19, 2005.

Brian Flanagan, Esquire
Flanagan & Hunter, P.C.
88 Black Falcon Avenue, Suite 274
Boston, Massachusetts 02210

Stephen M. Ouellette, Esquire
Cianciulli and Oellette
163 Cabot Street
Beverly, Massachusetts 01915

/s/ Meegan B. Casey
Meegan B. Casey

58025.524.891566.1