UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOVEREIGN BANK, SUCCESSOR BY MERGER WITH FIRST ESSEX BANK, F.S.B.,<br><br>                Plaintiff,<br><br>v.<br><br>BOWDITCH BOAT HOLDING, LLC; GOLDENEYE CORPORATION; SALEM WHALE WATCH & CRUISE COMPANY, LLC; LAKE CHAMPLAIN TRANSPORTATION COMPANY; ROBERT E. BLAIR, JR.; ROBERT J. SALEM AND HENRY LORD,<br><br>                Defendants. | Civil Action No. 05-10668-NMG |

**PLAINTIFF'S MEMORANDUM OF LAW REGARDING SUBJECT MATTER JURISDICTION**

Pursuant to this Court's invitation at the hearing on Robert J. Salem's Motion to Dissolve or Modify Real Estate Attachment held on May 24, 2005, the Plaintiff, Sovereign Bank, submits this Memorandum of Law regarding this court's lack of subject matter jurisdiction. Because the Plaintiff's Complaint raises <u>no</u> issue of Federal Law, this Court does not have jurisdiction over this matter under 46 U.S.C. § 31325, or otherwise.

The Plaintiff's Complaint, originally filed in state court, seeks only to enforce, through state law breach of contract claims involving no federal issues, the terms and conditions of a Promissory Note executed and delivered by Bowditch Boat Holding, LLC ("Bowditch") and of six Commercial Guaranties (the terms of which are identical) executed and delivered by the remaining defendants. Bowditch, apparently unhappy with the Superior Court's grant of pre-judgment relief, removed this case to this Court, purportedly pursuant to 28 U.S.C. § 1441. Bowditch asserts that this Court has jurisdiction under 46 U.S.C. § 31325 because the Plaintiff,

1

as additional collateral for the Promissory Note, received a first preferred mortgage on a vessel, which the Plaintiff has chosen not to foreclose on and which is not even mentioned in the Complaint (but the Plaintiff did explain, in its Affidavit in Support of Real Estate Attachment, that for economic reasons it was not pursuing the vessel).

The party seeking removal, here the Defendants, has the burden to establish federal court jurisdiction. See Long v. Bando Manufacturing of America, Inc., 201 F.3d 754, 757 (6th Cir. 2000). The Defendants' argument that federal court jurisdiction is triggered as a result of a mortgage, which is not even mentioned in the Complaint, is entirely contrary to well established precedent that federal court jurisdiction is determined by examining the Plaintiff's properly pleaded complaint. "In determining removal jurisdiction under § 1441, as in determining original 'arising under' jurisdiction [jurisdiction under 28 U.S.C. § 1331], federal courts apply the 'well-pleaded complaint' rule, pursuant to which 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Id. at 758 (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 391-392 (1987)).

The Complaint in this action does not seek to foreclose upon the first preferred mortgage, nor is the Plaintiff required by law or the loan documents to foreclose upon same.[1] The Complaint states no issue of federal law nor does resolving the Plaintiff's claims require any interpretation of federal law. A defendant cannot trigger federal jurisdiction by raising a federal issue as a defense nor can it force the plaintiff to bring claims which the plaintiff chose not to

---

[1] See First Republic Corp. of America v. Baybank, 424 Mass. 704, 707-708 (1997) (secured creditor was entitled to obtain judgment against the borrower without looking to the collateral as the creditor had no obligation to do so); Rockland-Atlas National Bank of Boston v. Barry, 336 Mass. 220, 222-223 (1957) (same); see also Promissory Note attached to the Complaint as Exhibit A, "Waivers and General Provisions" (the Lender may "release any party or guarantor or collateral; or . . . fail to realize upon or perfect Lender's security interest in the Collateral"); Commercial Guaranties, attached to the Complaint as Exhibits C, E, G, I, K, M, "Guarantor's Waivers" (guarantors waived any right to require the Bank "to resort for payment or to proceed directly or at once against any person, including Borrower or any other guarantor; to proceed directly against or exhaust any collateral held by [the Bank] from [Bowditch], any other guarantor, or any other person . . .; [and] to pursue any other remedy within [the Bank's] power ").

assert.  See Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808, 810 n.6 (1986) (and cases cited).

46 U.S.C. § 31325, which is titled "preferred mortgage liens and enforcement" allows a holder of a first preferred ship's mortgage, if it so chooses upon default of same, to file an action in federal court seeking not only to arrest and foreclose upon the vessel, but also to enforce the note or other loan documents underlying the mortgage.  The purpose of the statute is to allow plaintiffs, if they choose, to file all claims related to a vessel foreclosure in one action such that any deficiency remaining after the foreclosure can be addressed in the same forum.  There is nothing in the statute which requires the Plaintiff to file exclusively in the federal court to enforce the underlying note and thus no removal right is granted when a plaintiff chooses to bring such an action in state court.  See Dietrich v. Key Bank, N.A., 72 F.3d 1509, 1515 (11th Cir. 1996) (holding that 46 U.S.C. § 31325 does not grant exclusive jurisdiction to the federal courts, does not provide that a proceeding *in rem* to foreclose on the vessel is the exclusive remedy for default under a preferred mortgage and does not prohibit a creditor's use of state self help remedies); Duzich v. Coastal Plains Production Credit Assoc., 861 F.Supp. 596, 598 (S.D. Tx. 1994) (noting that federal court jurisdiction under 46 U.S.C. § 31325 is not exclusive of the jurisdiction of the state court and finding that the federal court had no jurisdiction over an action for a deficiency after a sheriff's sale of a vessel because the parties only sought to enforce their private contractual arrangement and no issue of federal law existed).  Here the Plaintiff does not seek to arrest the vessel and foreclose on the mortgage and filed this action in state court to enforce only its private contractual rights against the defendants.  As such, the Plaintiff's choice of venue must be given deference.  See Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. at 810 n.6.  The Plaintiff urges this Court to remand this matter to state court.

If this Court does, however, find jurisdiction, the Plaintiff requests that the Court deny Salem's motion to dissolve the real estate attachments as they were properly granted by the Suffolk Superior Court after notice and a hearing.  As this Court correctly stated at the Hearing on this motion an attachment in the amount of $205,000.00 was properly granted as to the real property interests of Salem, as he is jointly and severally liable to the Plaintiff for the full amounts due and owing.  Next, this general real estate attachment by definition rightly affects the properties held by Salem on Concord Street and Gloucester Avenue.  Further, the attachment as to the Gloucester Avenue Property should not be discharged as one cannot say with certainty that the Concord Street Property will provide sufficient security for the Plaintiff's claims.  Any number of events could occur from now until the time judgment enters to increase the amount of the Plaintiff's claims and/or decrease Salem's equity in the Concord Street Property, including that Salem could default on the Concord Street mortgage or could fail to pay his taxes, resulting in a tax lien.

Moreover, Salem has many options to allow him to sell the Gloucester Avenue Property free and clear of the attachment, i.e., (i) to post a bond pursuant to M.G.L. c. 223, § 120; (ii) to pay the Bank the amount due and owing; or (iii) to negotiate with the Bank for a release of the attachment in exchange for an agreement to hold the sale proceeds in escrow.  Salem's counsel at the Hearing on this motion stated that Salem sought to sell the Gloucester Avenue Property to satisfy another of Salem's obligations.  This is precisely the purpose of a pre-judgment attachment, to protect the Bank's interest against other creditors.  Because Salem has not stated any ground sufficient to modify the attachment pursuant to M.G.L. c. 223, § 114, his motion should be denied.

WHEREFORE, the Plaintiff, Sovereign Bank, requests that this Court remand this action to the Superior Court of Massachusetts in and for Suffolk County. If this Court does not remand the action, the Plaintiff requests that this Court deny Salem's motion.

| | |
|---|---|
| Dated: May 27, 2005 | Sovereign Bank, successor by merger with First Essex Bank, F.S.B. |
| | By its Attorney, |
| | RIEMER & BRAUNSTEIN LLP |
| | /s/ Meegan B. Casey<br>Meegan B. Casey<br>BBO #648526<br>Riemer & Braunstein LLP<br>Three Center Plaza<br>Boston, Massachusetts 02108<br>(617) 523-9000 |

## CERTIFICATE OF SERVICE

I, Meegan B. Casey, hereby certify that a true copy of the above document was served upon the attorney of record for each party as indicated below by mail on this date, May 27, 2005.

| | |
|---|---|
| Brian Flanagan, Esquire<br>Flanagan & Hunter, P.C.<br>88 Black Falcon Avenue, Suite 274<br>Boston, Massachusetts 02210 | Stephen M. Ouellette, Esquire<br>Cianciulli and Oellette<br>163 Cabot Street<br>Beverly, Massachusetts 01915 |

/s/ Meegan B. Casey
Meegan B. Casey

58025.524.893896.1