UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOVEREIGN BANK,        )<br>      PLAINTIFF          )<br>                              )    Civil Action No. 05-10668 NMG<br>vs.                          )<br>                              )<br>BOWDITCH BOAT HOLDINGS, LLC;  )<br>*Et al.*                     )<br>                              )<br>      DEFENDANTS         )  | |

**MEMORANDUM IN SUPPORT OF FEDERAL QUESTION SUBJECT MATTER JURISDICTION**

Pursuant to the Court's invitation at the hearing on 24 May 2005, defendants submit the following in regarded to this Honorable Court's Federal Question Subject Matter Jurisdiction and on the modification of the attachment sought by Mr. Salem.

**THIS CASE WAS PROPERLY REMOVED TO THIS COURT, WHICH HAS SUBJECT MATTER JURISDICTION**

The case was properly removed from Suffolk County Superior Court based upon the fact that Court had original subject over the case pursuant to 46 U.S.C. Sec. 31325. The removal statute states "… any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant the or defendants, to the district court of the United States for the district and division embracing the place for which such action is pending. …). (28 U.S.C. Sec. 1441 (a)). A Notice of Removal may be filed within 30 days after receipt by defendant (s) of the initial pleading or subsequent filings from which it can be ascertained that the case is removable. (28 U.S.C. Sec. 1446 (b)). In this case the basis for removal was made clear by the reference to "… a First Preferred Mortgage for the document vessel Manisee…" in Mr. Bokelkamp's Affidavit. (<u>Affidavit In Support of Plaintiff's Motions For Real</u>

1

Estate Attachments, Para. 13; 10 March 2005).

The United States District Court had original subject matter jurisdiction over this case pursuant to 46 U.S.C. Sec. 31325. The statute grants original Federal Question subject matter jurisdiction to the district courts over "… *a civil action* against the mortgagor, maker … or guarantor for the amount of the outstanding indebtedness; …". (46 U.S.C. Sec. 31325 (b)(2)(B) and (c) [emphasis added]). The original jurisdiction granted by that section of the statute is separate and distinct from the other grants of "admiralty" jurisdiction, either *in rem* or *in personam*. (46 U.S.C. Sec. 31325 (b)(1) and (b)(2)(A)). This was a substantive change in the law that created an independent basis for Federal Question subject matter jurisdiction over claims against makers and guarantors that was intended by Congress. (46 U.S.C. Sec. 31325; Historical and Revision Notes and House Floor Statement regarding Sections (b) and (c)).

At the outset of this case there was concurrent jurisdiction over the case in both the Massachusetts Superior Court (subject to venue issues) and in the United States District Court for The District of Massachusetts. Plaintiff could have filed the case in District Court originally but it instead selected to file in State Court. Since removal of the matter plaintiff has continued to incorrectly suggest that the Court may lack subject matter jurisdiction, as the case is not one over which jurisdiction is exclusive to the District Court. Defendants have never suggested the same. Plaintiff seems unable to grasp the distinction between and among the concepts of exclusive jurisdiction, original jurisdiction and concurrent jurisdiction. The only important aspect of jurisdiction defendants invite the Court's attention to is- whether or not the Court has original jurisdiction the case? If the answer to that question is yes, the Court has Federal Question subject matter jurisdiction and must retain the case.

Defendants removed the case to the United States District Court based upon statutory rights that were granted to them by Congress and codified in the various statutes cited above. Defendants are not "forum shopping" as the Court hinted at during the hearing on 24 May 2005. Defendants, by removing the case, are asserting a right that is granted to them United States law. Indeed, if Diversity jurisdiction is present, the case could be removed regardless of plaintiff's choice of forum. By contrast, had plaintiff filed in the District Court initially defendants would have no grounds to move the case to the State Court. If the Court remands the case it will deny defendants their rights to have the case proceed in a United States District Court as specifically allowed by Congress. The Court has Federal Question subject matter jurisdiction over the matter and it should retain jurisdiction over the case and decide all matters in the case.

**THIS COURT SHOULD MODIFY THE ORDER OF ATACHMENT, AS ANTICPATED BY THE ORIGINAL ORDER, AND IN ACCORDANCE WITH THE CONTROLLING LAW**

As noted in his motion to dissolve or modify the attachment obtained by Sovereign Bank, the blanket attachment is currently impairing property of Mr. Salem far in excess of the amount allowed by Judge Fahey sitting in the Suffolk Superior Court.  The order of attachment is not unlimited and was granted in the amount of $205,000.  The order states that "[t]he attachment is subject to being vacated on 48 hours' notice."  Defendant Salem contends that this language was intended to address the judge's stated concern that a blanket attachment against might extend to property far in excess of the allowed amount of the attachment.  Although the statute under which the attachment as granted does not clearly state that the value of the attached property must be taken into account, the Massachusetts Appeals Court, and common sense, dictate that it must.  Shamrock, Inc. v. FDIC, 36 Mass. App. Ct. 162 (1994).  In Shamrock the Appeals Court stated that  "[i]f a

judge is to make an intelligent finding whether the property to be attached is too much or too little in light of the plaintiff's apparent needs, the property targeted for attachment must be identified." <u>Id.</u> At 166. This is consistent with the procedures specified by Congress in collection matters where the United States is the Plaintiff. 16 USC sec. 3101 *et seq.* This statute requires that:

> "[t]he value of the property attached shall not exceed the amount by which the sum of the amount of the debt claimed by the United States and the amount of interests and costs reasonably likely to be assessed against the debtor by the court exceeds the aggregate value of the nonexempt interest of the debtor in any—
> (a) property securing the debt: and
> (b) property garnished or in receivership, or income sequestered, under this subchapter.[1]

The statute provides a mechanism for precisely the type of adjustment Defendant Salem seeks, to tailor a broad order of attachment to that interest in property necessary to secure the Plaintiff's claim, 28 USC sec. 1101(g). The order of attachment should be limited to the amount stated in the order, not to that amount against each and every property of a defendant debtor.

Defendant Salem notes that this type of modification of the attachment was precisely what Judge Fahey intended, following the hearing that he attended, unrepresented by counsel. At that time, Salem was not in a position to present the appraisals, etc necessary for a determination of the appropriateness of the attachment on his two properties, and the judge clearly allowed him the opportunity to obtain the relief he seeks now. Mr. Salem had no reason to engage in "forum shopping," on this issue as the Court gave him specific opportunity to obtain the relief he now seeks. Bowditch Boat Holding filed the petition for removal, and Mr. Salem has since had to engage separate counsel. [2]

In short, now that the Court is aware that the effect of the blanket order of attachment far exceeds the amount allowed by Judge Fahey, this Court should act and tailor the order to that

---

[1] Under this statute, the attachment would be reduced by the value of the vessel, as well. In this case, the security in the single property proposed exceeds the full value of the claim, without regard to the mortgaged vessel.

property necessary to secure the plaintiff's claim.[3]

CONCLUSION

      For the foregoing reasons, the Defendants contend that this case was properly removed to this Court which has been granted original jurisdiction over these claims by Congress. As such, the Court has Federal Question subject matter jurisdiction. Further, this Court should allow Defendant Salem's motion to modify the order of attachment and limit it to the single property, which is sufficient to secure the Plaintiff's claim, in accordance with his motion and proposed order.

| | |
|---|---|
| Robert J. Salem | Bowditch Boat Holdings LLC, et al |
| By his attorneys, | By their attorney |
| | |
| CIANCIULLI & OUELLETTE | FLANAGAN & HUNTER, P.C. |
| | |
| /s/ Stephen M. Ouellette | /s/ Brian P. Flanagan |
| Stephen M. Ouellette | Brian P. Flanagan[4] |
| BBO# 547352 | BBO# 547375 |
| 163 Cabot Street | 88 Black Falcon Avenue, Suite 274 |
| Beverly, MA 01915 | Boston, MA 02210 |
| 978-922-9933 | 617-482-3366 |

---

2

[3] Defendant Salem notes that the argument raised by the Plaintiff at hearing that modification of the order of attachment will not provide it with adequate security is not well taken. Defendant Salem could, arguably, stop making mortgage and tax payment soon on his home if the other property is released, but nothing prevents him from stopping payments on either or both properties. To do so, however risks him loss of the properties, as well as a potential judgment, a scenario it is in his best interest to avoid. Plaintiff also, somewhat disingenuously, suggested that Mr. Salem could bond the Plaintiff's claim based on the value of his home, despite the effect the Plaintiff's lien against the house which precludes his use of the property to secure such an n obligation.

[4] Attorney Flanagan joins only in the argument on jurisdiction on behalf of the parties that he represents.