United States District Court
District of Massachusetts

|   |   |
|---|---|
| SOVEREIGN BANK, SUCCESSOR BY MERGER WITH FIRST ESSEX BANK, F.S.B., <br><br>          Plaintiff, <br><br>     v. <br><br>BOWDITCH BOAT HOLDINGS, LLC, et al. <br><br>          Defendants. | Civil Action No. 05-10668-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff, Sovereign Bank ("Sovereign"), brings this action against defendant Bowditch Boat Holdings, LLC ("Bowditch") to enforce a commercial promissory note ("the Note") made by it and against related guarantors of that Note. As discussed below, this Court lacks subject matter jurisdiction over the action and it will be remanded to state court.

Plaintiff's complaint was filed on March 16, 2005, in Massachusetts state court. It sought only to enforce the Note and the Guaranties and did not allege any federal claims. Complete diversity of the parties is not present.

On April 5, 2005, Bowditch removed the action to this Court, with the assent of all defendants, pursuant to 46 U.S.C. §

-1-

31325(c), a statute which confers upon district courts jurisdiction over claims brought to enforce preferred mortgage liens on vessels. Defendants contend, and plaintiff does not dispute, that as additional security for the Note, Bowditch granted Sovereign a First Preferred Mortgage on the M/V Manisee ("the Mortgage"). Defendants assert that the existence of the Mortgage permits this Court to exercise jurisdiction over this dispute. Plaintiff, however, responds that it does not seek (nor is it required) to foreclose upon the Mortgage, which was not mentioned in its complaint. It contends that federal question jurisdiction is, therefore, lacking.

Neither party has moved to remand this action to state court based upon this Court's lack of subject matter jurisdiction. However, several memoranda filed by plaintiff include arguments that this Court lacks subject matter jurisdiction and urge remand to state court. Conscious that the issue of subject matter jurisdiction may not be waived or forfeited by the parties and that a federal court has a duty to inquire, <u>sua sponte</u>, into its jurisdiction, <u>In re Sheridan</u>, 362 F.3d 96, 100 (1st Cir. 2004), this Court instructed the parties to brief the subject and, after consideration of such submissions, finds that it lacks subject matter jurisdiction and therefore remands the matter to state court.

III. **Analysis**

A civil action filed in state court may be removed to federal court if the claim is one "arising under the Constitution, treaties or laws of the United States". 28 U.S.C. § 1441(b). To determine whether a claim arises under federal law, courts look to the "well pleaded" allegations of the complaint. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Absent diversity jurisdiction and unless certain limited exceptions apply, a case is not removable if the complaint does not affirmatively allege a federal claim. Id. The Supreme Court has explained the requirement that a federal claim be apparent from the plaintiff's complaint as follows:

> The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citation omitted).

An exception to the well-pleaded complaint rule is the "complete pre-emption" doctrine. Id. at 393. Pursuant to that doctrine, a complaint that states only state law claims may be removed to federal court if the court concludes that

> the pre-emptive force of a [federal] statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. Once an area of state law

-3-

> has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

Id. (quotations and citations omitted). Complete preemption has been found under the Labor Management Relations Act, 1947, the Employee Retirement Income Security Act of 1974 and the usury provisions of the National Bank Act. See Beneficial Nat'l Bank, 539 U.S. at 7-8. 10-11 (1999).

Courts have also recognized an exception to the well-pleaded complaint rule when Congress expressly so provides. For example, the Price-Anderson Act contains an "unusual" pre-emption provision, 42 U.S.C. § 2014(hh), which expressly provides for removal of actions relating to nuclear accidents even when the complaint asserts only state law claims. El Paso Natural Gas Co. v. Neztsosie, 526 U.S. 473, 484 (1999). Relying upon Congress's "unmistakable preference for a federal forum, at the behest of the defending party" in such suits, Courts allow defendants to remove such actions to federal court even if the complaint does not assert any federal claims. Id.

The Supreme Court has recently confirmed that, unless the basis for federal jurisdiction is apparent from the face of the well-pleaded complaint,

> a state claim may be removed to federal court in only two circumstances - when Congress expressly so provides, such as in the Price-Anderson Act, or when a federal statute wholly displaces the state-law cause of action through complete pre-emption.

<u>Beneficial Nat'l Bank</u>, 539 U.S. at 8.

In this case, plaintiff's complaint does not raise an issue of federal law. Although, as defendant notes, an affidavit submitted by plaintiff in support of its motion for a real estate attachment makes reference to the first preferred mortgage on a vessel, a fact that <u>may</u> provide federal jurisdiction pursuant to 46 U.S.C. § 31325, that document was not incorporated by reference into the complaint and the complaint does not mention that mortgage or raise any issues of federal law. The statute pursuant to which defendant removed the action to this Court, 46 U.S.C. § 31325, does not expressly provide for removal to federal court as does the Price-Anderson Act. The statute by which this case was removed also does not wholly displace the state law causes of action brought by plaintiff in its complaint: the complaint brings claims to enforce the Note and related Guaranties, claims which are not displaced or preempted by the federal statute.

Furthermore, a federal court's jurisdiction pursuant to 46 U.S.C. § 31325 is not exclusive, indicating that Congress did not intend that all actions involving mortgages on vessels be resolved in federal court and providing further reason why this Court should not create an exception to the well-pleaded complaint rule in this case.

Plaintiff brought this action in state court and, based upon

its well-pleaded complaint, the action should be resolved there. Plaintiff elected not to foreclose upon the Mortgage or to avail itself of federal jurisdiction and defendant may not, by citing facts beyond the complaint or federal statutes upon which the complaint could have been based, transform this action into one over which this Court has jurisdiction.

### ORDER

Based on the foregoing, this case is **REMANDED** to state court.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated: May 31, 2005